IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GREG JONES**, Individually and as | § | |
| Representative of Katherine Jones,[1] deceased, | § | |
| and on behalf of Cassandra Diana Jones | § | |
| and Alexandria Marie Jones, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2605-L |
| | § | |
| **CITY OF ENNIS, et al.**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion for Summary Judgment, filed December 10, 2004.

After careful consideration of the motion, response, reply, appendices, record, and applicable law,

the court **grants** Defendants' Motion for Summary Judgment.

## I.  Procedural and Factual Background

Plaintiff Greg Jones ("Plaintiff" or "Jones") initially filed this action on November 21, 2002

in the 40th Judicial District Court, Ellis County, Texas against Defendants City of Ennis (the "City"),

Defendant Ennis Police Department ("Ennis Police Department"), Defendant Dale Holt ("Holt"),

Defendant Ronald Roark ("Roark"), and Carl Laza[2] ("Laza") (collectively, "Defendants").  He sues

the individual Defendants in their individual and official capacities.  Jones filed Plaintiffs' First

---

[1]Based on the initial documents contained in the record, the court is uncertain whether decedent's first name should be spelled with the letter "C" or the letter "K."  The court, however, spells her name with a "K," as this is the way it was spelled in Defendants' Notice of Removal and other documents filed by the parties.

[2]Laza was dismissed with prejudice from the state court action on August 6, 2004.

Amended Original Petition on November 8, 2004.[3]  On December 7, 2004, Defendants removed this action to federal court on the basis that Plaintiff had pleaded federal claims in his amended petition.

Jones brings this action individually and as representative of the estate of Katherine Jones, and on behalf of Cassandra Diana Jones and Alexandria Marie Jones.  Plaintiff seeks all damages lawfully available to him under federal and state law, including compensatory and punitive damages, reasonable and necessary attorney's fees, expert witness fees and costs of court.

Defendants contend that they did not violate any rights of Plaintiff secured by state or federal law.  Defendants also assert a number of other defenses, including qualified and official immunity for Holt and Roark, and governmental immunity for the City.  Defendants also contend that Plaintiff was not injured as a result of a constitutionally defective policy or custom of the City, that they were not negligent or reckless in any respect, and that Plaintiff's injuries and damages were proximately caused by a third party.

Defendants have filed a motion for summary judgment.  They contend that no genuine issue of material fact exists with respect to any claim Jones has asserted against them, and that they are therefore entitled to judgment as a matter of law.  Jones, on the other hand, contends that he has set forth facts which preclude the granting of summary judgment on behalf of Defendants and requests the court to deny the summary judgment motion and allow the case to proceed to trial.  The court now sets forth the undisputed facts on which it relies to resolve the summary judgment motion.  In setting forth the undisputed facts, the court applies the summary judgment standard outlined in the following section.

---

[3]The court throughout this opinion, except for direct quotes and in the title of documents, uses the term "Plaintiff," as there is only one person bringing suit, although he brings such suit on behalf of several other individuals.

Memorandum Opinion and Order - Page 2

Jones brought this action in his individual capacity and as a representative of the estate of Katherine Jones, his deceased wife, and on behalf of his and Mrs. Jones's children, Cassandra Diana Jones and Alexandria Marie Jones. His claims arise out of a vehicular accident that occurred at approximately 8:48 p.m. on November 29, 2000 in the 100 block of the South Service Road of Interstate Highway 45 in Ennis, Texas. A vehicle driven by Marlon Jones struck and killed Mrs. Jones and Chrystina D. Windiate,[4] who were pedestrians. Marlon Jones was not an employee, agent, or official of the City, or operating a vehicle owned or leased by it. The vehicle Marlon Jones was driving at the time of the accident belonged to his stepfather Anthony Lawrence. Marlon Jones fled the scene of the accident without stopping and attempting to render aid to Mrs. Jones or Ms. Windiate. Instead, he drove to his home located at 206 Bluebonnet, Ennis, Ellis County, Texas, and talked with this stepfather, who subsequently contacted the Ennis Police Department.

Officer R.L. Holden of the Ennis Police Department investigated the accident in question. Roark, a police lieutenant who heads the Criminal Investigations Division of the City's Police Department, was off duty at the time. He received a call at home from the police dispatcher, who informed him that the accident had occurred and asked him to respond to the scene to conduct any necessary criminal investigation regarding the accident. Roark got dressed and left his home.

Roark subsequently arrived at the accident scene and began his investigation to determine whether criminal charges should be filed. At some point during the evening, he telephoned Ennis Police Chief Dale Holt who was at his home and informed him that the accident had occurred. Holt asked whether he needed to respond. Roark informed him that he did not. Further, Roark indicated

---

[4]On some documents, Ms. Windiate's first name is spelled "Christina."

**Memorandum Opinion and Order - Page 3**

that he would update Holt on the situation the next morning.  Based upon this information, Holt remained at his home and did not go to the accident scene.

During his criminal investigation, Roark was assisted at one time or another by Sergeant David Anthony.  Ultimately, his investigation led to Marlon Jones being charged with and indicted by the grand jury of Ellis County, Texas, on two counts of Failure to Stop and Render Aid in violation of § 550.021, Tex. Transp. Code Ann. (Vernon 1999), a third degree felony.[5]  Marlon Jones subsequently entered into a Plea Agreement in which he pleaded guilty to the two felony charges and was placed on deferred adjudication supervision for five years, which was to expire on August 10, 2005; was fined $500 on each charge; had his driver's license suspended for 180 days; was required to perform 600 hours of community service; and was required to pay $252.25 in court costs, and $790 in attorney's fees.

In his First Amended Original Petition, Jones sets forth a number of allegations and asserts a number of claims against Defendants.  The essence of Jones's lawsuit is that he is complaining about the quality of the investigation conducted by officers of the City's police department and the alleged failure of these officers to follow standard police policy and procedure applicable to vehicle-related deaths, and that Marlon Jones, a star football player at Ennis High School, should have been charged with a more serious offense for fatally injuring Mrs. Jones and Ms. Windiate.  To ensure

---

[5]Texas courts hold that the failure to stop and render aid in a vehicle-related death or personal injury case constitutes a felony.  *See Schmidt v. State*, 778 S.W.2d 550, 554 (Tex. App. – Houston [1st Dist.] 1989, pet. ref'd), *cert. denied*, 498 U.S. 826 (1990).  Punishment for the failure to stop and render aid in a vehicular death or personal injury case is punishable (1) by up to five years imprisonment in the Texas Department of Criminal Justice or up to one year confinement in the county jail, (2) by a fine not to exceed $5,000, or (3) by both the fine and previously mentioned imprisonment or confinement.  As state jail felonies did not exist until September 1, 1994, and *Schmidt* was decided in 1989, the correct classification of the charges against Marlon Jones is a third degree felony.

that it captures the essence of Jones's claims, the court sets forth the relevant portions of his First

Amended Original Petition:

> 14.    Plaintiffs allege and would show that the Defendants intentionally and/or negligently deviated from standard police policy and procedure applicable to investigations of motor vehicle-related deaths, like here, for reasons that were arbitrary, prejudicial towards the driver who killed two people, and discriminatory against Plaintiffs.
>
> .    .    .
>
> 16.    Plaintiffs allege that Defendants intentionally and/or negligently deviated from standard police policy and procedure applicable to investigations of motor vehicle-related deaths in the following, non-exclusive, respects:
>
> - failure to have Marlon Jones submit to a breathalyzer test following the accident;
>
> - failure to conduct a blood test on Marlon Jones;
>
> - failure to properly investigate the crime [and/or] accident scene, specifically by the mishandling of evidence at a crime scene; to wit, dry cleaning an overcoat worn by the decedent at the time of death. The destruction and/or alteration of critical evidence that might have provided more information regarding the nature of the accident, the severity of same;
>
> - failure to properly investigate the crime [and/or] accident scene by inviting and/or permitting members of the high school football coaching staff to view the scene;
>
> - failure to invite and/or permit members of the deceased's family to view the crime [and/or] accident scene;

- failure to enforce the terms of Marlon Jones' probation after clear violations had occurred and were reported;

- failure to conduct an internal affairs investigation of the police's investigation despite many assertions by Plaintiffs' representative that the investigation was wrought with inaccuracies, deviated from standard policies, and was highly prejudicial in favor of Marlon Jones and against the decedent[].

17.     The foregoing acts of the Defendants are indicative of a conscious and intentional failure to implement and enforce standard investigative policies with respect to the investigation of the crime/accident underlying this lawsuit.  The overt bias in favor of Jones – an outstanding football player and integral member of winning two high schools state championships teams – and bias against the decedent[] was/is arbitrary, unfairly prejudicial, and unlawfully discriminatory.

18.     As a proximate cause of the foregoing identified acts of discrimination, Plaintiffs have suffered mental anguish instigated by Defendants' conduct directed towards the deceased, Katherine Jones, as well as the merits, substance, and legitimacy of this lawsuit.  As a result of the Defendants' discrimination, Plaintiffs have endured psychological torment and have been prevented from obtaining rightful closure regarding the death of their spouse and/or mother.

.     .     .

20.     Pursuant to 42 U.S.C. § 1981, every individual is entitle to receive full and equal benefit of all laws and proceedings for the security of persons and property.  The Defendants herein acted under the color of the law to deprive Plaintiffs of their civil and constitutional rights. 42 U.S.C. § 1983 states that "every person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory . . . subjects any citizen of the United States . . . to the deprivation of any rights, privileges . . . shall be liable to the party injured in an action at law, suit in equity, or other proper process for redress . . ." 42 U.S.C. § 1983.  Plaintiffs allege that Defendants intentionally and/or negligently deviated from standard police policy and failed to properly investigate the

crime/accident that resulted in the death of Plaintiffs' spouse and/or mother. This conduct constitutes unlawful discrimination in violation of 42 U.S.C. § 1983, in the following, non-exclusive respects:

- failure to have Marlon Jones submit to a breathalyzer test following the accident;

- failure to conduct a blood test on Marlon Jones;

- failure to properly investigate the crime [and/or] accident scene, specifically by the mishandling of evidence at a crime scene; to wit, dry cleaning an overcoat worn by the decedent at the time of death. The destruction and/or alteration of critical evidence that might have provided more information regarding the nature of the accident, the severity of same;

- failure to properly investigate the crime [and/or] accident scene by inviting and/or permitting members of the high school football coaching staff to view the scene;

- failure to invite and/or permit members of the deceased's family to view the crime [and/or] accident scene;

- failure to enforce the terms of Marlon Jones' probation after clear violations had occurred and were reported;

- failure to conduct an internal affairs investigation of the police's investigation despite many assertions by Plaintiffs' representative that the investigation was wrought with inaccuracies, deviated from standard policies, and was highly prejudicial in favor of Marlon Jones and against the decedent[].

21.    The foregoing acts of the Defendants are indicative of a conscious and intentional failure to implement and enforce standard

policies and procedures related to the investigation of the
crime/accident underlying this lawsuit. The overt bias in favor of
Marlon Jones – a recognized outstanding football player and integral
member of two high school state championships teams – and bias
against Plaintiffs and the decedent[] was/is arbitrary, unfairly
prejudicial, and unlawfully discriminatory.

22.     As a proximate cause of the foregoing identified acts of
discrimination, Plaintiffs have suffered mental anguish instigated by
Defendants' conduct directed towards the deceased[,] Katherine
Jones, as well as the merits, substance, and legitimacy of this lawsuit.
As a result of the Defendants' discrimination, Plaintiffs have endured
psychological torment and have been prevented from obtaining
rightful closure regarding the death of their spouse and/or mother.

23.     Further, Plaintiffs assert that Defendants' intentional and/or
conscious deviation from standard policies and procedures related to
this investigation, precluded and prevented authorities from charging
Marlon Jones with an offense more punitive than misdemeanor
failure to stop and render aid. This has compounded Plaintiffs'
anguish and suffering because Marlon Jones was essentially never
punished and was given a "free ride" after killing their spouse and/or
mother. In turn, the inability or unwillingness to levy stiffer penalties
and fines against Marlon Jones affected (diminished) the
amount/degree of restitution received by the victims' families.

Plaintiffs' First Amended Original Petition ¶¶ 14, 16-18, 20-23.

## II.  Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is entitled to judgment as a matter
of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v.
Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact
is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the
nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a

motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Ragas*, 136 F.3d at 458. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to

establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted.  *Celotex*, 477 U.S. at 322-23.

### III.    Analysis

#### A.  Ennis Police Department

Defendants contend that the Ennis Police Department cannot be sued or held liable because it has no jural existence.  The court agrees.  The Ennis Police Department is a department of the City, and, as such, has no independent or legal existence apart from the City.  Furthermore, the City has not granted the Ennis Police Department authority to engage in separate litigation.  For these reasons, the Ennis Police Department has no jural existence and cannot be sued.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  Accordingly, there is no genuine issue of material fact on this matter, and Defendant Ennis Police Department is entitled to judgment as a matter of law.  Moreover, Jones concedes that the Ennis Police Department has no jural existence. *See* Plaintiffs' Brief in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment at 3.

#### B.  Plaintiff's Section 1981 Claim

Plaintiff originally asserted a claim by way of section 1981.  Plaintiff concedes that there are no genuine issues of material fact regarding this claim.  *See* Brief in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment at 3.  Accordingly, Defendants are entitled to judgment as a matter of law on this claim.

### C. Plaintiff's Section 1983 Claim

### 1. Applicable Law in General

The court now addresses Jones's claim under 42 U.S.C. § 1983. For the reasons that follow, Defendants are entitled to summary judgment on Plaintiff's section 1983 claim. This statute provides as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. At the outset, the court must therefore determine whether Jones has alleged or established a constitutional violation. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (holding that the court must first determine "whether the plaintiff has asserted the violation of a constitutional right at all"); *see also Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit therefore is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'").

The United States Constitution protects individual rights only from *government* action, not from *private* action. *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 936 (1982) (observing that "most rights secured by the Constitution are protected only against infringement by governments") (internal quotation marks and citations omitted). *See also United States v. Morrison,* 529 U.S. 598, 621 (2000) (holding that the Fourteenth Amendment "'erects no shield against merely private conduct, however discriminatory or wrongful'") (quoting *Shelley v. Kraemer,* 334 U.S. 1, 13 (1948)). Only when the *government* is responsible for a plaintiff's complaint are individual

constitutional rights implicated. *Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n.,* 531 U.S. 288, 295 (2001).

The conduct of a private person may be deemed state action only where the challenged conduct may be "fairly attributable to the State." *Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). In determining whether seemingly private conduct may be charged to the state, the Supreme Court has applied the following tests: 1) the public function test; 2) the state compulsion test; and 3) the nexus or joint action test. *Id.* (citing *Lugar v. Edmondson Oil Co.,* 457 U.S. at 939. The inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case, irrespective of the test applied. *Bass*, 180 F.3d at 242. Plaintiff's section 1983 claim against Defendants fails for two reasons: no state action and lack of causation on the part of Holt, Roark, or any city employee or official.

## 2. State Action

Here, Plaintiff's summary judgment evidence is devoid of any proof which indicates, or from which one can reasonably infer, that the private conduct of Marlon Jones is fairly attributable to the City, Holt or Roark. As private individuals or entities cannot violate a plaintiff's Fourteenth Amendment substantive due process or equal protection rights unless the state or some other government entity is somehow responsible for the private entity's activities, Plaintiff's constitutional claims should be dismissed. Marlon Jones was not a City employee, agent or official; nor was he operating a City-owned or leased vehicle; and he was not acting pursuant to the direction, control, or insistence of the City, Holt, Roark, or any other City official or employee. Under these circumstances, the private conduct of Marlon Jones in fatally injuring the two women can in no way be "fairly attributable" to the conduct of Holt, Roark, a City official, or the City itself. Stated

another way, neither the City nor any of its employees or officials are responsible for the act or conduct which caused Plaintiff's injuries and damages. As there is no state action, Defendants City, Holt and Roark are entitled to judgment as a matter of law.

### 3. Causation

In this case, no action by the individual Defendants caused Jones to be deprived of a right secured by the Constitution or laws of the United States. The cause of Jones's injuries and damages was the vehicular accident that killed his wife and Ms. Windiate. Holt and Roark did not engage in any conduct or act which caused the accident, and Marlon Jones was not an officer, agent or employee of the City. All conduct and acts on the part of Holt and Roark were *after* the accident occurred. The two individuals simply had no involvement with the accident and did know about the accident until after it had occurred. As such, the causation requirement is sorely lacking. The bottom line is that the cause of the accident lies either with the individuals who were killed or Marlon Jones. Wherever the fault lies, one thing is clear: it does not rest with Roark or Holt, as they did nothing to subject or cause Plaintiff to be subjected to the deprivation of a right secured by the Constitution or laws of the United States. Since the requisite causation is lacking, no genuine issue of material fact exists with respect to Plaintiff's section 1983 claim against Roark and Holt; and they are entitled to judgment as a matter of law on this claim.

### 4. Municipal Liability under Section 1983

In addition to suing the City, Plaintiff has also sued Holt and Roark in their official capacities. Plaintiff's claim against Defendants Holt and Roark in their official capacities is treated as a claim against the City, the governmental entity that employs Holt and Roark. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991); *Brooks v. George County,* 84 F.3d 157, 165 (5th Cir.), *cert. denied,*

519 U.S. 948 (1996). A governmental entity can be sued and subjected to monetary damages and injunctive relief under 42 U.S.C. § 1983 only if its official policy or custom causes a person to be deprived of a federally protected right. *Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A governmental entity *cannot* be liable for civil rights violations under a theory of respondeat superior or vicarious liability. *Id.*; *see also Baskin v. Parker*, 602 F.2d 1205, 1208 (5th Cir. 1979). Official policy is defined as :

> 1.  A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [city] lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2.  A persistent, widespread practice of [city] officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents [city] policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the [city] or to an official to whom that body had delegated policy-making authority.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (*en banc*) (per curiam); *Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984) (*en banc*) (per curiam), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must identify the policy, connect the policy to the governmental entity itself and show that his injury was incurred because of the application of that specific policy. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A plaintiff must establish that the governmental entity through its deliberate conduct was the "moving force behind the injury alleged" and must establish a direct causal link between the governmental entity's action and the deprivation of a federally protected right. *Bryan County v. Brown,* 520 U.S. at 404. Stated

another way, "municipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir.), *cert. denied*, 534 U.S. 820 (2001) (citing *Monell*, 436 U.S. at 694).

Liability must rest on official policy, meaning the governmental entity's policy, and not the policy of an individual official. *Bennett*, 728 F.2d at 769. The official complained of must possess

> [f]inal authority to establish [city] policy with respect to the action ordered. . . .The official must also be responsible for establishing final government policy respecting such activity before the [city] can be held liable. . . .[W]hether an official had final policymaking authority is a question of state law.

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-482 (1986). An employee, agency, or board of a governmental entity is not a policymaker unless the governmental entity, through its lawmakers, has delegated exclusive policymaking authority to that employee agency or board and *cannot* review the action or decision of the employee, agency or board. *See City of St. Louis v. Praprotnik*, 485 U.S. 112,127 (1988); *Worsham v. City of Pasadena*, 881 F.2d 1336, 1340-41 (5th Cir. 1989).

With respect to a policy or custom, what the court gleans from Plaintiffs' First Amended Original Petition are allegations that loosely refer to a policy of failing to investigate vehicular-related accidents causing death in accordance with established procedure and a failure to charge Marlon Jones with a more serious crime. First, Plaintiff fails to identify a policymaker. Nowhere in his pleadings or summary judgment evidence does he identify a "municipal policymaker who could be held responsible, through actual or constructive knowledge for enforcing a policy" or custom that caused Jones's injuries. He wholly fails to identify the Ennis City Council, mayor, city manager, police chief, or any other City official or employee as having such authority. *See*

*Piotrowski*, 237 F.3d at 578-79.  This failure to identify alone is fatal to Plaintiff's efforts to impose liability on the City, or Holt and Roark in their official capacities.

Second, Plaintiff has failed to establish, or raise a genuine issue of material fact, that either alleged policy was the "moving force" behind the injuries he suffered.  As previously stated, Marlon Jones was a private person with no legal connection to the City.  His collision with the two pedestrians was what cause the injuries to Plaintiff Jones.  The collision did not occur as a result of some policy or custom of the City; it occurred because of the conduct of Jones or the two pedestrians.  As the City was not the "moving force" behind any alleged constitutional violation, no liability can attach to the City, or Holt and Roark in their official capacities.

Third, even assuming that the City or its police officers failed to investigate the accident in accordance with established procedure on this occasion, such one-time failure does not establish a policy or custom.  At best, such failure arguably could be considered negligence.  Negligence, however, cannot be the basis of section 1983 liability because the "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Martin v. Dallas County*, 822 F.2d 553, 555 (5th Cir. 1987).

Finally, insofar as Plaintiff alleges that the failure to charge Marlon Jones with a more serious offense constitutes a policy or custom of the City, such claim fails as a matter of law.  "[D]ecisions not to prosecute cannot be the subject of policy determinations for purposes of section 1983 liability."  *Piotrowski*, 237 F.3d at 582.  In this case, however, Marlon Jones *was* prosecuted.  That the prosecution was not for a more serious crime is of no moment.  If a decision *not* to

prosecute cannot be the basis of liability under section 1983, it necessarily follows that prosecution of one for a lesser offense cannot serve as a basis for municipal liability.

### D.  Plaintiff's State Law Claims

The court determines that all of Plaintiff's state law claims fail, as Defendants did not proximately cause the accident in question.  Despite the use of the correct buzzwords and legal jargon, what Plaintiff pleads is a case of negligence.  "To sustain a cause of action for negligence it is necessary to produce evidence of a duty, a breach of that duty, proximate cause and damage." *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984).  As is abundantly clear, the accident from which Jones's injuries and damages flow was proximately caused by Marlon Jones or the two individuals he struck and killed.  "Proximate cause" is defined as that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom.  *See Rudes v. Gottschalk*, 324 S.W.2d 201, 207 (Tex. 1959).

The proximate cause of Plaintiff's injuries and damages was the accident, and the cause of the accident was either the conduct of Marlon Jones or that of the two pedestrians.  Holt, Roark and the City knew nothing of the accident until after it occurred.  None of the Defendants was present at the time the accident occurred, and none affirmatively engaged in any conduct that caused the accident.  Likewise, none failed to take action that could have prevented the accident.  The acts or omissions of which Plaintiff complains regarding Defendants all took place *after* the accident occurred.  Whatever Defendants allegedly did or failed to do after the accident simply could not have proximately caused any injury or damages to Plaintiff.  For these reasons, Plaintiff's negligence

**Memorandum Opinion and Order - Page 17**

claims necessarily fail, and Defendants are entitled to judgment as a matter of law on all of Plaintiff's state law claims.[6]

### E.  Plaintiff's Request for Continuance

In his brief, Plaintiff intimates that a continuance is necessary because time for additional discovery is needed.  Although Jones did not file a formal motion, the court treats his oblique request as one for a continuance under Fed. R. Civ. P. 56(f). Contrary to the language contained in *Access Telecom, Inc., v. MCI Telecomms. Corp.*, 197 F.3d 694, 719 (5th Cir. 1999), Rule 56(f) *per se* does not require a motion, but does require the filing of an affidavit.  Plaintiff Jones filed no affidavit in support of a continuance.  He thus fails to satisfy the procedural requirements of Rule 56(f).

Rule 56(f) authorizes a continuance "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition . . . ." The Rule is an essential ingredient of the federal summary judgment scheme, and provides a mechanism for dealing with the problem of premature summary judgment motions. *Celotex Corp., v. Catrett*, 477 U.S. 317, 326 (1986).  The continuance authorized by Rule 56(f) is a safe harbor built into the rules so that summary judgment is not granted prematurely.  *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987).

To comply with the Rule, the party opposing summary judgment need only file the specified affidavit, explaining why he cannot oppose the summary judgment motion on the merits.  *Id.*  Rule 56(f) motions are treated and reviewed liberally; technical, rigid scrutiny of a Rule 56(f) motion is inappropriate; *Id.*, however, since the burden is not a heavy one, the nonmovant must justify his

---

[6]To the extent Plaintiff seeks to assert an intentional tort, such claim fails because there is simply no evidence that any intentional conduct of Defendants caused Plaintiff to suffer injury and damages.  The cause of Plaintiff's injuries or damages did not come by way of Defendants' conduct, whether negligent or intentional.

entitlement to a continuance by presenting specific facts explaining his inability to make a substantive response. *Id*. at 137 (citing *SEC v. Spence & Green Chem. Co*., 612 F.2d 896, 901 (5th Cir. 1980), *cert. denied*, 449 U.S. 1082 (1981)).  A claim that further discovery or a trial might reveal facts of which the nonmovant is currently unaware is insufficient.  *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1123 (5th Cir. 1988).  A party may not rely on vague assertions that additional discovery will produce needed, but unspecified facts, *Union City*, 823 F.2d at 137, but instead must identify a genuine issue of material fact that justifies the continuance pending further discovery.  *See Woods v. Federal Home Loan Bank Bd.*, 826 F.2d 1400, 1415 (5th Cir. 1987), *cert. denied,* 485 U.S. 959 (1988).  To carry his burden on a Rule 56(f) motion, Plaintiff Jones must show why the discovery is needed, and how the discovery will allow him to demonstrate a genuine issue of material fact.  *Stults v. Conoco, Inc.,* 76 F.3d 651, 657-58 (5th Cir. 1996); *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993).  Finally, in conjunction with a nonmovant's request for additional discovery, the nonmovant must establish that he has diligently pursued relevant discovery.  *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992).

No affidavit exists in this case setting forth what discovery is needed for Jones to demonstrate that a genuine issue of material fact exists regarding municipal liability.  Moreover, nothing indicates that Plaintiff has been diligent in obtaining the discovery he seeks.  Finally, Plaintiff has filed no supplement to, or even requested to supplement, his summary judgment response. For these reasons, Plaintiff's request for a continuance under Rule 56(f) to obtain additional discovery to respond to the pending summary judgment motion is **denied**.

## F. Defendants' Objections to Plaintiff's Summary Judgment Evidence

Defendants object to certain portions of an affidavit of Harold Smith, an expert hired by Plaintiff. The court reviewed the Smith Affidavit and has determined that it is riddled with conclusory statements, conjecture, and impermissible assumptions and inferences. The court also notes that in several places of the Smith Affidavit statements are made, and no support is provided for the statements, that is, no underlying bases for the statements are provided. In short, the Smith Affidavit did nothing to assist the court in resolving the summary judgment motion, and the court disregarded it.

Under Fed. R. Evid. 702, the person designated as an expert must have testimony that will assist the trier of fact to understand the evidence or to determine a fact in issue. *Id*. The designated expert must bring something to the table. A proffered expert must "bring to the jury more than the lawyers can offer in argument." *In re Air Crash at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986). Here, the Smith Affidavit really offers nothing more than what counsel could argue based on the known facts. Moreover, regardless of how well an expert's affidavit is crafted, such affidavit cannot create liability when none exists. For these reasons, the Smith Affidavit is of no help to the court and cannot be relied on by Jones to create a genuine issue of material fact regarding municipal liability or the liability of Holt and Roark. As the court totally disregarded the Smith Affidavit, the court **overrules as moot** Defendants' objections.

## IV. <u>Conclusion</u>

The court realizes the magnitude of the tragedy that occurred on November 29, 2000, and in no way minimizes what occurred. Two lives were unexpectedly brought to an end. The incident has been extremely painful for all persons affected. In this case, Mr. Greg Jones has lost his wife

and his children's mother.  What many experience and enjoy, they will not be able to do so.  The court in this opinion in no way assesses fault against the two individuals killed, or against Marlon Jones.  The assessment of fault between Marlon Jones and the two pedestrians is beyond the purview of the court.  The court simply decided whether Defendants were legally responsible for any injuries and damages suffered by Plaintiff.

The applicable facts and law necessarily establish, for the reasons herein stated, that the conduct of Defendants in no way caused any injuries or damages to Plaintiff. There is no genuine issue of material fact with respect to any claim asserted by Plaintiff.  Accordingly, the court **grants** Defendants' Motion for Summary Judgment.[7]  This action is **dismissed with prejudice**.  Judgment will issue by separate document pursuant to Fed. R. Civ. P. 58.

**It is so ordered** this 30th day of September, 2005.


Sam A. Lindsay
United States District Judge

---

[7]Having decided Defendants' Motion for Summary Judgment on the grounds set forth herein, the court finds it unnecessary to address the other arguments advanced by Defendants in support of their motion.

**Memorandum Opinion and Order - Page 21**